# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CRYSTAL SCHREINER,

        **Plaintiff,**

        v.                                        Case No. 21-CV-7

MANON CRESPI and
RARE AND BEAUTIFUL, LLC,

        **Defendants.**

## DECISION AND ORDER

**1. Procedural History**

On November 30, 2020, plaintiff Crystal Schreiner filed a complaint in Milwaukee County Circuit Court alleging breach of contract, unjust enrichment, quantum meruit, and unpaid minimum wage and unpaid overtime claims under Wisconsin law against defendants Manon Crespi and Rare and Beautiful LLC. (ECF No. 1-1.) On January 4, 2021, defendants removed the action to this court due to the diversity of the parties. (ECF No. 1.)

On January 4, 2021, Crespi and Rare and Beautiful moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. (ECF No. 5.) All parties have consented to the full jurisdiction of a magistrate judge in accordance with 28 U.S.C.

§ 636(c) and Fed. R. Civ. P. 73(b). (ECF Nos. 7, 8.) Briefing on the motion is complete and the matter is ready for resolution.

2. **Facts**

Because the present action is before the court on a motion to dismiss, the court accepts as true all well-pleaded facts and construes all inferences in favor of the plaintiff. *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (citing *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 634 (7th Cir. 2012)). The court also accepts as true facts in plaintiff's declaration submitted in response to the motion to dismiss which illustrate the facts she expects to be able to prove. *See Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove").

According to the complaint, Crespi is a Colorado resident and social media influencer who created Rare and Beautiful to market and sell a line of hair care products from her personal brand. (ECF No. 1-1, ¶ 2, 8-9.) Crespi was the sole owner and managing member of Rare and Beautiful, a Delaware limited liability corporation with a principal office in Colorado. (ECF No. 1-1 ¶¶ 3, 9-11.) Rare and Beautiful was not registered with the Wisconsin Department of Financial Institutions. (ECF No. 6 at 2.) Schreiner is a Wisconsin resident who provides branding and marketing services from Wisconsin. (ECF No. 1-1, ¶ 1, 14, 18.)

Crespi retained Schreiner to provide branding services for Crespi's brand. (ECF No. 1-1, ¶ 14.) Schreiner's branding services included creating marketing materials, pitch decks, social media content, conducting market research, and providing consultation. (ECF No. 1-1, ¶ 14.)

From September 2019 through July 2020 Schreiner provided services for Crespi and Rare and Beautiful from two locations in Wisconsin. (ECF No. 12, ¶ 2.) During that period, Schreiner received numerous phone calls from Crespi. (ECF Nos. 12, ¶ 5; 12-1.) Schreiner and Crespi also communicated on a regular and reoccurring basis via email and text messages regarding Schreiner's position as creative director and expectations for her services. (ECF No. 12, ¶ 6.)

While working as the creative director for Crespi and Rare and Beautiful, one of Schreiner's tasks was product design and branding, which included receiving, reviewing, and choosing samples to decide the screen print gradient for labels, the finish and type of plastic for bottles, and bottle shape for products. (ECF No. 12, ¶ 8.) At Crespi's direction, samples were sent from manufacturers to Schreiner's home in Wisconsin. (ECF No. 12, ¶ 9.) Crespi knew that Schreiner was performing services while in Wisconsin. (ECF No. 12, ¶ 7.) Crespi accepted the services, and this lawsuit arises from Crespi's failure to compensate Schreiner for those services. (ECF No. 1-1, ¶ 19, 20.)

3. **Legal Standard**

When challenged by a defendant, the plaintiff bears the burden of establishing personal jurisdiction. *N. Grain Mktg., LLC. v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). "If personal jurisdiction is challenged under Rule 12(b)(2), the court must decide whether any material facts are in dispute. If so, it must hold an evidentiary hearing to resolve them[.]" *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Where no evidentiary hearing is held, "the plaintiff need only make out a *prima facie* case of personal jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (emphasis in original) (internal quotation omitted). "In evaluating whether the prima facie standard has been satisfied, the plaintiff 'is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.'" *Id.* (quoting *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983)).

With that in mind, the question of personal jurisdiction begins with the laws of the state in which the federal district court sits. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."); *see also* Fed. R. Civ. P. 4(k)(1)(A). "Under Wisconsin law, the jurisdictional question has two components. First, the plaintiff must establish that the defendants come within the grasp of the Wisconsin long-arm statute." *Steel Warehouse v. Leach,* 154 F.3d 712, 714 (7th Cir. 1998). "If the plaintiff is successful, the burden switches to the defendants to show that jurisdiction would violate due process." *Id*. " Wisconsin

4

presumes its long-arm statute merely codifies the federal due process requirements[.]" *Logan Prod., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996) (citing *Lincoln v. Seawright*, 104 Wis. 2d 4, 10, 310 N.W.2d 596, 599 (1981) ("Sec. 801.05 was drafted to attempt to codify the minimum contacts sufficient to comport with a defendant's right to due process.")).

Regarding the due process inquiry, the Supreme Court in *International Shoe v. Washington*, 326 U.S. 310, 316 (1945), held that a defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (Quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "The 'quality and nature' of an interstate transaction may sometimes be so 'random,' 'fortuitous,' or 'attenuated' that it cannot fairly be said that the potential defendant 'should reasonably anticipate being haled into court' in another jurisdiction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Subsequent interpretation of *International Shoe* has split personal jurisdiction into two categories – general and specific—under either of which a court may assert personal jurisdiction over a defendant. *Daimler AG*, 571 U.S. at 127. General—or "all purpose"— jurisdiction exists when the defendant's contacts with the forum state are so "continuous and systematic" as to render it essentially at home in the forum state. *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Neither party argues that Rare and Beautiful or Crespi are subject to general jurisdiction in Wisconsin.

5

Specific jurisdiction "depends on an 'affiliatio[n] between the forum and the underlying controversy.'" *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014) (quoting *Goodyear*, 564 U.S. at 919)). In *Walden*, the Supreme Court expounded upon the "minimum contacts" needed for specific jurisdiction: due process requires that (1) "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State" and (2) the defendant's contact must be "with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285. (emphasis in original). The Court of Appeals for the Seventh Circuit has held that

> Specific jurisdiction has three "essential requirements." First, the defendant's contacts with the forum state must show that it "purposefully availed [itself] of the privilege of conducting business in the forum state or purposefully directed [its] activities at the state." Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.

*Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 878 (7th Cir. 2019) (citing *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012)) (internal citations omitted) (alterations in original). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum state." *Walden*, 571 U.S. at 284. Specific jurisdiction is case-linked; non-suit related activities in the forum state cannot be used to satisfy the "minimum contacts" necessary for specific jurisdiction. *See Advanced Tactical Ordinance Sys. LLC, v. Real Action Paintball*, 751 F.3d 796, 801 (7th Cir. 2014).

### 4. Analysis

Defendants request an evidentiary hearing on the motion to dismiss. (ECF No. 13 at 1.) Because no material facts concerning defendants' jurisdictional contacts are in dispute, the court does not deem an evidentiary hearing necessary. *See Hyatt Int'l Corp.*, 302 F.3d at 713. Thus, Schreiner need only make out a prima facie case of personal jurisdiction. *Purdue Research Found.*, 338 F.3d at 782.

#### 4.1 Wisconsin's Long-Arm Statute

Crespi and Rare and Beautiful argue that they do not come within the grasp of Wisconsin's long-arm statute because § 801.05(5)(a) requires actual visits by defendants to Wisconsin, they have not demanded that Schreiner perform services in Wisconsin, and the marketing services Schreiner performed can be performed anywhere . (ECF No. 6 at 4.) They also argue that personal jurisdiction would be contrary to the principles of due process because they have not had sufficient minimum contacts with Wisconsin and the sole basis for jurisdiction is Schreiner's residence in Wisconsin. (ECF No. 6 at 5.)

Schreiner responds that the court has personal jurisdiction over the defendants because they purposely established minimum contacts in Wisconsin. (ECF No. 11 at 7.) She argues that personal jurisdiction exists under Wisconsin Statute § 801.05(5)(a), which provides for personal jurisdiction in any action that:

> Arises out of a promise, made anywhere to the plaintiff or to some 3rd party for the plaintiff's benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff[.]

Schreiner's claims against the defendants all relate to her assertion that the defendants hired her to perform services while she was in Wisconsin, knew she was performing those services in Wisconsin, and then did not pay her for that work. (ECF Nos. 1-1, ¶¶ 15-20; 12, ¶ 7.) These allegations place this action squarely within the scope of § 801.05(5)(a). *See Johnson Litho Graphics of Eau Claire, Ltd. v. Sarver*, 824 N.W.2d 127, 136 (Wis. Ct. App. 2012) (citing *Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 763 (7th Cir. 2008)) ("a nonresident defendant who makes repeated contacts or creates continuing obligations with a Wisconsin company may establish sufficient minimum contacts"); *Patrick Burke - Artisan, LLC v. Andrew Winch Designs, Ltd.*, No. 12-C-0662, 2012 U.S. Dist. LEXIS 170389, at *10 (E.D. Wis. Nov. 30, 2012) (finding personal jurisdiction under § 801.05(5)(a) when the defendant hired the plaintiff to create a wood sculpture and the plaintiff performed substantial services to complete it in Wisconsin at defendant's direction); *Palmer Johnson, Inc. v. Best Car Co.*, 2002 WI App 221, 257 Wis. 2d 622, 650 N.W.2d 560 (Wis. Ct. App. 2002) (finding personal jurisdiction under § 801.05(5)(a) when the defendant agreed to have the Wisconsin plaintiff try to sell its yacht); *Harley-Davidson Motor Co. v. Motor Sport*, 960 F. Supp. 1386, 1390 (E.D. Wis. 1997) (finding personal jurisdiction under § 801.05(5)(a) because a continuing distributorship agreement between the parties warranted the conclusion that the defendant promised to pay for services the plaintiff rendered in Wisconsin); *M.C.I., Inc. v. Elbin*, 430 N.W.2d 366, 368 (Wis. Ct. App. 1988) (finding personal jurisdiction under § 801.05(5)(a) when an action arose from

8

plaintiff Wisconsin corporation's contract with a defendant Illinois corporation to purchase or manufacture materials in Wisconsin for an Illinois restaurant).

The defendants argue that the Wisconsin Court of Appeals in *Landreman v. Martin*, 530 N.W.2d 62, 66 (Wis. Ct. App. 1995), interpreted § 801.05(5)(a) as requiring a defendant to visit the State of Wisconsin or demand the plaintiff perform the services in Wisconsin. (ECF No. 6 at 4.) Schreiner responds that *Landreman* requires services to be rendered from Wisconsin for personal jurisdiction but does not require that the defendant physically visit Wisconsin during the relationship with the plaintiff. (ECF No. 11 at 6.)

In *Landreman*, the dispute concerned an investment contract to construct and operate a bingo hall in Wisconsin. *Landreman*, 530 N.W.2d at 63. The Wisconsin Court of Appeals stated:

> The investors' reliance on [§ 801.05(5)(a) - (b)] is misplaced. All the related actions with Ervin took place in the State of California. Additionally, Ervin never visited the State of Wisconsin. Ervin's lack of any contact with Wisconsin renders the other sections of the long-arm statute inapplicable, as well. Thus, we conclude that the long-arm statute does not extend to Ervin.

*Id.* at 66. Although the defendant's lack of any visits to Wisconsin was a factor in deciding there was no personal jurisdiction, the court did not state that an absence of any visits to the state by the defendant will always preclude a finding of personal jurisdiction.

Unlike *Landreman*, Schreiner's causes of action relate to the services she performed in Wisconsin for the defendants, with the defendants knowing that she was performing those services in Wisconsin. Personal jurisdiction in this case is consistent with the

9

reasoning in *Landreman*. Schreiner has made a prima facie showing that this court can exercise personal jurisdiction over the defendants pursuant to § 801.05(5)(a).

**4.2 Due Process**

Having found that personal jurisdiction exists under Wisconsin's long-arm statute, the court turns to the due process inquiry. Generally, "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984). However, the defendants do not differentiate between the contacts of Crespi and those of Rare and Beautiful. Because the parties have not identified a basis for differentiating between the contacts of each of the two defendants, the court will assess them together.

To determine whether specific jurisdiction exists the court first considers whether the defendants purposefully availed themselves of the privilege of conducting business in Wisconsin. *Lexington Ins. Co.*, 938 F.3d at 878; *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021).

> While an out-of-state party's contract with an in-state party is not enough alone to establish the requisite minimum contacts, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" may indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant.

*Hyatt Int'l Corp.*, 302 F.3d at 716 (quoting *Burger King Corp.*, 471 U.S. at 478). Schreiner alleges that the defendants retained and hired her to perform branding services. (ECF No. 1-1 ¶¶ 14, 15.)

The defendants argue that "the only connection in the Complaint to the State of Wisconsin is the Plaintiff's residency[.]" (ECF No. 6 at 6.) But that understates the defendants' connection with Wisconsin. They knowingly entered into an agreement with a woman from Wisconsin to provide services on their behalf. As events unfolded, they knew that she was providing those services, not surprisingly, in Wisconsin. They regularly communicated with her in Wisconsin, and they had product shipped to her in Wisconsin so that she could do her job. And then they, the complaint alleges, failed to pay her for those services. *See Burger King Corp.*, 471 U.S. at 481 (considering the "continuous course of direct communications by mail and by telephone" between out-of-state defendant franchisee and plaintiff franchisor's headquarters when determining personal jurisdiction); *Walden*, 571 U.S. at 285 ("physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact"); *Ford Motor Co.*, 141 S. Ct. at 1031-32 (finding the place of a plaintiff's injury and residence "relevant in assessing the link between defendant's forum contacts and the plaintiff's suit").

A defendant's contact with the forum state does not need to be separate from the defendant's interactions with the plaintiff to satisfy the requirements of personal jurisdiction. *See, e.g., Topcon Agric. Ams. v. Cote Ag Techs., LLC*, 391 F. Supp. 3d 882, 887 (W.D. Wis. 2019) (finding personal jurisdiction in Wisconsin when the defendant spent an extended period of time negotiating the letter of intent, came into contact with

11

numerous Wisconsin-based individuals while negotiating the letter of intent, participated in weekly meetings with a Wisconsin-based firm, and sent its president and CEO to visit plaintiff's Wisconsin headquarters). Defendants' contacts with Wisconsin were substantial enough to satisfy the requirement that they purposefully availed themselves of conducting business in Wisconsin. And Schreiner's injuries arise directly out of the defendants' failure to pay her for services which she performed on their behalf in Wisconsin.

Finally, the defendants have the burden of establishing that the exercise of personal jurisdiction offends notions of fair play and substantial justice. *Johnson Litho Graphics of Eau Claire, Ltd.*, 824 N.W.2d at 139. Courts consider the following factors to make that determination:

> the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.

*Felland*, 682 F.3d at 677 (quoting *Burger King Corp.*, 471 U.S. at 477).

The defendants do not explain how the application of these factors suggest that the exercise of personal jurisdiction over them would offend notions of fair play and substantial justice. (ECF Nos. 6 at 5-6; 13 at 4-5.) They chose to enter into a business relationship with a Wisconsin resident, knowing that it was likely that the services she would provide would be provided from Wisconsin. And then they knew that she was

actually providing those services in Wisconsin. Given all of that, the defendants reasonably could have anticipated being haled into court in Wisconsin should they fail to pay Schreiner for her services. *See Barker v. Atl. Pac. Lines*, No. 13 C 1272, 2013 U.S. Dist. LEXIS 114578, at *12 (N.D. Ill. Aug. 14, 2013) (finding personal jurisdiction over an out-of-state company owner when the plaintiff alleged that the company failed to pay wages and the owner was complicit or had a role in related employment decisions and communicated them to the plaintiff); *Leong v. SAP Am., Inc.*, 901 F. Supp. 2d 1058, 1063 (N.D. Ill. 2012) (finding personal jurisdiction over defendant company's Chief Human Resource Officer in Germany when she made compensation and employment decisions she knew would affect an Illinois resident's job and communicated with the plaintiff by telephone about compensation and performance); *Westgate Prods., LLC v. Edwards*, No. 19-C-247, 2019 U.S. Dist. LEXIS 95951, at *8 (E.D. Wis. June 7, 2019) (finding personal jurisdiction in over an independent contractor when the Wisconsin plaintiff company asserted that the independent contractor misused his company credit card); *cf. Ford Motor Co.*, 141 S. Ct. at 1032 (finding personal jurisdiction over an out-of-state company).

Although the defendants do face some burden in being forced to defend an action in Wisconsin, all "out-of-state defendants always face such a burden, and there is no suggestion that [defendants'] hardship would be any greater than that routinely tolerated by courts exercising specific jurisdiction against nonresidents." *Felland*, 682 F.3d at 677.

And both Schreiner and the judicial system have an interest in resolving the case as efficiently as possible. *See Topcon Agric. Ams.*, 391 F. Supp. 3d at 888.

5. **Conclusion**

**IT IS THEREFORE ORDERED** that defendants Crespi and Rare and Beautiful LLC's motion to dismiss (ECF No. 5) is **denied.**

Dated at Milwaukee, Wisconsin this 3rd day of May, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge